**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 05a0657n.06**
**Filed: August 4, 2005**

**No. 04-1196/2109**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

RODRICK TOLBERT, as Personal )
Representative of the Estate of Torrence )
Tolbert; JOYCE TOLBERT; FRANK )
TOLBERT; and KERRY TOLBERT, )
                                     )
      Plaintiffs-Appellants, )
                                     )
v. ) ON APPEAL FROM THE UNITED
                                     ) STATES DISTRICT COURT FOR THE
CITY OF PONTIAC; PONTIAC POLICE ) EASTERN DISTRICT OF MICHIGAN
DEPARTMENT; I. KERSHAW, Officer; )
MAIN, Officer; and JANCZAREK, Officer, )
                                     )
      Defendants-Appellees. )
                                     )

Before: SUHRHEINRICH and DAUGHTREY, Circuit Judges, and HOOD,[*] District Judge.

PER CURIAM. The plaintiffs, relatives of Torrance Tolbert, filed this § 1983 action against the City of Pontiac, its police department, and three individual police officers, charging violations of the Eighth Amendment and raising various state law claims growing out of Torrence Tolbert's death. The plaintiffs contend that officers violated Tolbert's federal constitutional rights by failing to provide medical care while Tolbert was in custody and

---

[*]The Hon. Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

violated state law by egregiously and arbitrarily exposing Tolbert to greater danger. The district court granted the defendants' motion for summary judgment when the plaintiffs failed to produce any evidence that Tolbert had been in the custody of the police officers or that the officers had violated Tolbert's constitutional rights. The plaintiffs subsequently filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), contending that their original attorney had been grossly inadequate in handling their case. The district court held that Rule 60(b)(6) was inapplicable, treated the motion as one for relief under 60(b)(1), and, after finding no "excusable neglect," denied the motion.

The plaintiffs now appeal both those decisions. They have failed to produce any evidence, however, to demonstrate that Tolbert was "in custody" or that Pontiac police officers failed to render medical assistance to Tolbert. In fact, the first officer on the scene called for an ambulance immediately upon learning that Tolbert was suffering from a gunshot wound. The plaintiffs also failed to establish a legal basis that would have entitled them to relief from judgment under Rule 60(b)(1) or (6).

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint and in denying post-judgment relief under Rule 60(b). Because the reasons why judgment should be entered for the defendants have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court

upon the reasoning set out by that court in its memorandum opinion and order filed

December 31, 2003, and its opinion and order filed on July 29, 2004.